[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-11779
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 14, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00519-CV-T-24EAJ

SELECT AUTOMOTIVE MANAGEMENT, LLC,
a Florida limited liability company,

Plaintiff–Appellant,

versus

FIDELITY THREE, INC., a Missouri Corporation,
d.b.a On Time Auto,
JOHN HART,
an adult resident of Missouri,
DEE A. HART,
wife of John Hart, an adult resident of Missouri,
MARIE CHADDOCK,
an adult resident of Missouri,
HARVIE CHADDOCK,
a deceased adult resident of Missouri,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 14, 2008)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff Select Automotive Management, LLC ("SAM"), appeals the dismissal, on the basis of the doctrine of res judicata, of its suit for damages against the appellees. For the following reasons we affirm.

SAM is a Florida-based limited liability company that is in the business of buying and selling consumer retail installment contracts from automobile dealers who sell motor vehicles to their consumers on credit. Fidelity Three, Inc. ("Fidelity Three") is a Missouri-based automobile dealership that sells motor vehicles to customers, many on credit. Fidelity Three's President is Harvie Chaddock, and the dealership's license is held by Harvie Chaddock's wife, Marie Chaddock. John Hart is alleged to control Fidelity Three, and Dee Hart is his wife.

From 2005 to 2006, SAM purchased hundreds of thousands of dollars worth of accounts from Fidelity Three. Under the terms of their contract, Fidelity Three was required to buy its accounts back from SAM in the event that its customers failed to make a timely payment within a specified recourse period, or where Fidelity Three failed to provide a clean title.

On November 13, 2006, SAM brought a complaint against Fidelity Three, John Hart, and Dee Hart ("Defendants"), alleging that Defendants caused a number

of vehicles to be repossessed, refused to turn over the vehicles to SAM even though Defendants had no interest in the vehicles, and fraudulently sold the vehicles. Furthermore, SAM alleged that on or about April 12, 2006, Defendants sold to SAM a retail installment contract secured by a 1999 Chevrolet, for $5,405, when Defendants did not have legal title to that vehicle. SAM further alleged that Defendants repossessed the vehicle and refused to refund SAM the $5,405. SAM primarily sought injunctive relief seeking the return of the repossessed automobiles, but also sought damages for the vehicle that was sold for $5,405.

On November 12, 2006, the District Court entered an Ex Parte Temporary Restraining Order against Defendants, which enjoined Defendants from selling or moving any of the vehicles and from transferring any money derived from the fraudulent sale of the vehicles. On November 22, 2006, the Court converted the Temporary Restraining Order to an Order of Preliminary Injunction.

When Defendants continued to ignore the District Court's authority, the Court, on March 8, 2007, ordered a final default judgment against Fidelity Three, John Hart, and Dee Hart and in favor of SAM in the amount of $5,405. In addition, the District Court ordered Defendants to turn over to SAM the 17 vehicles claimed in the complaint within 10 days, recognizing SAM's legal rights to sell, assign, or convey the vehicles without interference. To date Defendants

have apparently failed to satisfy these orders.

Instead of seeking further relief in the original case, SAM brought a second complaint on March 27, 2007, seeking damages for the repossessed cars in excess of $200,000 for Fidelity Three's breach of contract, fraudulent activity, and failure to comply with the District Court's previous order of March 8, 2007. The District Court ruled that these claims were barred by the doctrine of res judicata given that the allegations were identical to those of the first complaint. See Nevada v. United States, 463 U.S. 110, 129-30 (1983) (ruling that "when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered . . . , but as to any other admissible matter which might have been offered") (quotations and citations omitted).

We agree with the District Court that SAM's second complaint is barred by the doctrine of res judicata, and affirm the dismissal of this case without prejudice to SAM's right to seek relief in the prior case for Defendants' failure to comply with the District Court's order in that case.

**AFFIRMED**